UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SCHUESSLER; THE ESTATE OF ROSALIND SCHUESSLER,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:23-cv-00381-TMC<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This case arises from an insurance dispute following a multi-vehicle accident that fatally injured Rosalind Schuessler. Dkt. 1-2 at ¶ 3.7. Although Defendant State Farm Mutual Automobile Insurance Company ("State Farm") paid the applicable policy limits for *one* accident, Plaintiffs Robert Schuessler and the Estate of Rosalind Schuessler allege that State Farm must pay these limits for a *second* accident. *Id.* ¶¶ 4.4–4.5. Before the Court is State Farm's motion for summary judgment (Dkt. 21). Because there is no genuine issue of material fact and State Farm is entitled to judgment as a matter of law, the Court GRANTS State Farm's motion for summary judgment and DISMISSES Plaintiffs' claims with prejudice.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

## I. BACKGROUND

On December 10, 2018, Ms. Schuessler was driving eastbound through a construction work zone on the inside lane of Boeing Access Road in Tukwila, Washington. Dkt. 23-2 at 2. Justin Zinn was driving westbound in the inside lane of the same road when his Chevrolet Camaro crossed the center line and collided with Ms. Schuessler's Honda Civic "head-on, left headlight to left headlight," causing the Civic to spin into the eastbound outside lane and strike the barrier. *Id.* at 3, 25. Kristeena Russell, who was driving a Honda Accord in the eastbound outside lane, collided with the left side of Ms. Schuessler's Civic. *Id.*

State Farm retained an accident reconstruction expert, David Wells, who analyzed data, testimony, and other evidence regarding the accident. *See* Dkt. 23, 23-1, 23-2. Mr. Wells testified that data from the sensing diagnostic module in Mr. Zinn's Camaro indicates Mr. Zinn was traveling 24 to 49 miles per hour at the time of the impact but had been traveling 69 miles per hour approximately one second before the impact. Dkt. 23-2 at 19, 25. Witnesses estimated that Ms. Schuessler was traveling 30 to 40 miles per hour, but Mr. Wells determined that she likely slowed down before the impact. *Id.* at 19, 21, 25. Mr. Wells described the collision between Mr. Zinn and Ms. Schuessler as a "major impact." *Id.* at 3. Mr. Wells concluded that Ms. Russell, who was driving about 35 to 40 miles per hour approximately four to five car lengths behind Ms. Schuessler, "had insufficient time and distance to avoid" colliding with Ms. Schuessler's Civic. *Id.* at 3, 23–24. Mr. Wells observed that "Ms. Russell was clearly aware of her surroundings" and "was able to slow significantly prior to impact, mitigating the collision with the Civic." *Id.* at 24.

Mr. Wells concluded that "[t]he evidence shows [Mr. Zinn] was in a text conversation at the time of the collision" because a Tukwila Police Officer found Mr. Zinn's phone unlocked and

in texting mode and noted that Mr. Zinn sent and received text messages timestamped one minute before the reported time of the accident. *Id.* at 22, 25.

Mr. Wells noted that although a firefighter commented that Ms. Russell's Accord smelled of marijuana, the police officers documented that none of the drivers were impaired without commenting on the smell. *Id.* at 17–18, 25. Mr. Wells concluded that "[t]here is nothing to support that Ms. Russell had used marijuana much less that there was any reduced ability to focus or drive." *Id.* at 25. Ultimately, Mr. Wells determined that "Mr. Zinn is fully responsible for" both collisions. *Id.* at 26.

Plaintiffs have not challenged the admissibility of Mr. Wells's expert testimony and have not submitted any competing expert analysis. The Court previously excluded Plaintiffs' proposed experts for failure to comply with the disclosure requirements of Federal Rule of Civil Procedure 26. Dkt. 20.

A.      **Insurance Policy**

At the time of the accident, Ms. Schuessler had an automobile insurance policy from State Farm. *See* Dkt. 22-1. The policy includes Personal Injury Protection ("PIP") with a limit of liability of $35,000 for medical and hospital benefits and $2,000 for funeral expenses. Dkt. 22 ¶ 3. The policy provides that this PIP limit is the most State Farm "will pay for any one insured in any one accident." Dkt. 22-1 at 16 (emphasis omitted).

The policy also includes Uninsured Motor Vehicle Bodily Injury ("UIM") coverage with a bodily injury limit of $100,000. Dkt. 22 ¶ 4. Under the policy, this limit is the maximum State Farm will cover for UIM for each person in each accident:

> 1.  The Underinsured Motor Vehicle Bodily Injury Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Bodily Injury Coverage – Limits – Each Person, Each Accident".
>     a. The most we will pay for all damages resulting from bodily injury to any one insured injured in any one accident, including all damages

> sustained by other insureds as a result of that bodily injury is the lesser of:
>> (1) the insured's compensatory damages for bodily injury reduced by:
>>> (a) the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury; or
>>> (b) the sum of all limits of all bodily injury liability bonds and insurance policies that apply to the insured's bodily injury; or
>> (2) the limits of this coverage. b. The limit shown under "Each Accident" is the most we will pay, subject to the limit for "Each Person", for all compensatory damages resulting from bodily injury to two or more insureds injured in the same accident.

Dkt. 22-1 at 25–26 (emphasis omitted). The policy further provides that the UIM bodily injury limit is the most State Farm will cover regardless of the number of insured persons or vehicles, claims made, or vehicles involved in an accident. *Id.* at 26.

State Farm has paid the single-accident PIP policy limits of $35,000 for medical benefits and $2,000 for funeral expenses, and the single-accident UIM policy limit of $100,000 for bodily injury. Dkt. 22 ¶¶ 5–6. Plaintiffs claim that State Farm's failure to pay these policy limits for a *second* accident constitutes breach of contract and a violation of the Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("WCPA"). *See* Dkt. 1-2 at 4.1–6.3.

## II.   DISCUSSION

### A.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The evidence relied upon by the nonmoving party must be able to be "presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also* Fed. R. Ev. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presume[d]." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). Consequently, "a District Court must resolve any factual issues of controversy in favor of the non-moving party only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan,* 497 U.S. at 888 (internal quotations omitted).

**B.     State Farm is entitled to summary judgment as to Plaintiffs' breach of contract claim.**

The insurance contract provides that the PIP policy limit "is the most we will pay for any one insured in *any one accident*." Dkt. 22-1 at 16 (emphasis added and original emphasis omitted). The contract also states that the UIM policy limit is "[t]he most [State Farm] will pay for all damages resulting from bodily injury to any one insured injured in *any one accident*." *Id.* at 25 (emphasis added and original emphasis omitted). The parties dispute whether

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 5

Ms. Schuessler's consecutive collisions with Mr. Zinn and Ms. Russell constitute one accident or two, and thus, whether State Farm has satisfied or breached its contractual obligation by paying the policy maximums for one accident. Dkt. 21 at 7; Dkt. 24 at 3–4.

Under Washington law, multiple collisions comprise one accident for insurance policy purposes where "the collisions or injuries were all caused by a single, uninterrupted proximate cause." *Greengo v. Pub. Employees Mut. Ins. Co.*, 135 Wn.2d 799, 814, 959 P.2d 657 (1998); *see, e.g.*, *Truck Ins. Exch. v. Rohde*, 49 Wn.2d 465, 471, 303 P.2d 659 (1956) (holding one accident occurred where driver negligently crossed center line and hit a motorcycle, causing car to turn counterclockwise and collide with two other motorcycles). But if each collision has a separate proximate cause, then each constitutes a separate accident, "even if the two accidents occurred coincident, or nearly coincident, in time." *Greengo*, 135 Wn.2d at 814 (determining each collision in three-vehicle pileup had separate proximate cause if rear two drivers were separately negligent because each was following too closely).

Here, Mr. Wells determined in his expert report that Mr. Zinn was speeding and texting while driving and concluded that Mr. Zinn caused both collisions. Dkt. 23-2 at 25–26. Mr. Wells also found that Ms. Russell did not have enough time or distance to avoid colliding with Ms. Schuessler's Civic, that the police officers "documented that none of the drivers were impaired," and that "[t]here is nothing to support that Ms. Russell had used marijuana much less that there was any reduced ability to focus or drive." *Id.* at 24–25.

Plaintiffs have not challenged the admissibility of Mr. Wells's expert testimony and have not offered a competing accident reconstruction analysis. Instead, Plaintiffs assert two facts which they argue should prevent summary judgment. First, Plaintiffs assert that Ms. Russell was "negligent by speeding in a marked construction zone at night." Dkt. 24 at 4. But Plaintiffs offer no evidence to dispute State Farm's evidence showing that Ms. Russell was travelling 35 to 40

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6

miles per hour, which was at most five miles above the speed limit.[1] Dkt. 23-2 at 23. More importantly, based on Mr. Wells's unchallenged analysis, Ms. Russell could not have stopped fast enough to avoid colliding with Ms. Schuessler's Civic even if she was traveling 35 miles per hour. *Id.* at 24. No reasonable jury could conclude that Ms. Russell's speed—even if five miles per hour over the speed limit—proximately caused the second collision.

Second, Plaintiffs assert that Ms. Russell was "negligent by driving a car that reeked of marijuana smoke, contributing to her poor perception and poor reaction time." Dkt. 24 at 5. But under the circumstances of this case, driving a car that smells of marijuana is not enough to create a reasonable inference that Ms. Russell was driving under the influence of marijuana. The smell could have been lingering from the past, from unsmoked marijuana, or from the two passengers in the vehicle. Even though the firefighter alerted a police officer as to the smell, police officers documented that none of the drivers appeared to be under the influence and did not mention any smell. Dkt. 23-2 at 17–18, 25. A witness's remark about the smell alone is not sufficient to create a genuine factual dispute regarding Ms. Russell's alleged impairment or reaction time. Moreover, the unchallenged expert analysis establishes that Ms. Russell could not have stopped her vehicle in time to avoid colliding with the Civic.

Plaintiffs' assertions regarding speeding and marijuana are not enough for a reasonable jury to find Ms. Russell negligently caused the second collision. There is no genuine dispute of material fact that Mr. Zinn's negligence was the "single, uninterrupted proximate cause" of both collisions. *See Greengo*, 135 Wn.2d at 814. State Farm is accordingly entitled to summary judgment that only one accident occurred and that it did not breach a contractual obligation to

---

[1] It is unclear from the evidence whether the speed limit was 35 or 40 miles per hour: "The speed limit was posted as 40 MPH, however Officer LeCompte noted the speed limit was 35 MPH." Dkt. 23-2 at 3.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7

pay the UIM and PIP policy limits for a second accident.

**C.     State Farm is entitled to summary judgment as to Plaintiffs' IFCA and WCPA claims.**

Plaintiffs' claims under the Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("WCPA") also turn on Plaintiffs' assertion that State Farm is responsible for paying UIM and PIP policy limits for a second accident. *See* Dkt. 1-2 ¶¶ 4.1–6.3. Plaintiffs have not asserted facts that would otherwise support an IFCA or WCPA claim. *See generally* Dkt. 1-2. Because the Court finds no genuine dispute of material fact that just one accident caused Ms. Schuessler's injuries, State Farm is also entitled to summary judgment that it did not violate IFCA or WCPA.

### III.    CONCLUSION

Therefore, it is hereby ORDERED that Defendant's motion for summary judgment, Dkt. 21, is GRANTED and all claims are DISMISSED with prejudice. The Clerk is directed to close the case.

Dated this 13th day of February, 2024.

Tiffany M. Cartwright
United States District Judge